TEXTBOOKS — HOME USE
Title 70 O.S. 16-121 [70-16-121] (1971) requires that each pupil in the public schools be personally issued a complete set of textbooks for his or her grade. Exceptional circumstances may justify limiting use of a particular textbook to the school premises, however, such a limitation would not be justified based on a policy of requiring textbooks to be shared since each pupil must be issued a complete set of textbooks for his or her grade under Section 70 O.S. 16-121 [70-16-121]. The Attorney General has considered your request for an opinion wherein you ask whether the provisions of 70 O.S. 1971 16-121 [70-16-121], ". . . require that every textbook used in every grade by a student be made available for use at home whenever necessary as well as for his use at school?" Title 70 O.S. 16-121 [70-16-121] (1971) provides in pertinent part: "All textbooks adopted, purchased and distributed to school districts shall be furnished free of cost to the school children of such districts and shall be owned by such districts and each district shall mark each textbook with an appropriate number or other identification as deemed necessary to maintain proper records thereof. Every child shall be issued a complete set of textbooks for his grade, for his personal use, . . ." (Emphasis added.) It is apparent that the intent of the language of Section 16-121 underlined above was to assure that each pupil in the public schools would be given individual possession of all textbooks for his or her grade. Therefore, where school children are required to share textbooks with other pupils, the statutory requirement is not met. Further, where the denial of home use of textbooks is based upon a system of requiring pupils to share textbooks, the statutory requirement is not met. Since Section 70 O.S. 16-121 [70-16-121] vests ownership of textbooks in the school district and since under 70 O.S. 5-117 [70-5-117] (1975) the property of a school district is subject to the control of the board of education, possession of textbooks by pupils is subject to reasonable regulation by school officials, and there may exist exceptional circumstances which justify limiting use of a particular textbook to school premises. Under the statutory mandate, however, a system of requiring pupils to share textbooks could not be utilized to justify such a limitation. By way of further clarification, it should also be pointed out that not all school materials should be considered "textbooks" within the meaning of Section 16-121. In Beck v. Board of Education of Harlem Con. Sch. Dist. No. 122, Ill., 325 N.E.2d 640 (1975), the term "textbook" as used in a statute quite similar to Section 16-121 was defined as follows: ". . .A book, rather than anything of lesser substantiality or permanence, which expounds the principles of a field of knowledge, rather than merely presenting exercises or questions, and which is used as the basis of a course of study, and not as a general reference work or a reference work on a subsidiary topic. "A map, we believe is not ordinarily considered to be a textbook, nor is a collection of maps in an atlas, nor is a dictionary, nor is a `Weekly Reader' magazine, nor is a sheet of paper or a collection of loose sheets of paper. The workbook containing problems and exercises and the pamphlets on selected subjects are also ordinarily considered, we believe, to be not textbooks but just supplementary materials, or teaching aids." It is, therefore, the opinion of the Attorney General that your question be answered as follows: Title 70 O.S. 16-121 [70-16-121] requires that each pupil in the public schools be personally issued a complete set of textbooks for his or her grade. Exceptional circumstances may justify limiting use of a particular textbook to the school premises. However, such a limitation would not be justified based on a policy of requiring textbooks to be shared since each pupil must be issued a complete set of textbooks for his or her grade under Section 70 O.S. 16-121 [70-16-121]. (Joe C. Lockhart)